# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SERGIO A. ELIZALDE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:18cv00210 |
| | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| INTERNAL REVENUE SERVICE, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Sergio A. Elizalde, a resident of Xenia, Ohio, brings this case *pro se* challenging the IRS's denial of his request for a tax refund in the amount of $6,887. The Court previously granted his Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2); *see, e.g.*, *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559-60 (6th Cir. 2013). A Complaint is frivolous only if it advances claims without an arguable basis in fact or law. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An arguable factual basis is missing when a Complaint's allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1833 (1989); *see Lawler,* 898 F.2d at 1199 ("The facts must be delusional to be frivolous."). A Complaint

lacks an arguable legal basis when it presents "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Plaintiff's Complaint does not rest on fantastical or delusional factual allegations because it does not mention little green men, or the like. *Cf. Ashcroft v. Iqbal,* 556 U.S. 662, 696, 129 S.Ct. 1937 (Souter, J., dissenting) (Court need not credit "allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."). Instead, he grounds his allegations in reality. He asserts that on April 18, 2016, he sent the IRS—by certified mail—his completed tax return for the 2012 tax year. Among the information he provided in his tax return was a refund request of $6,887. In June 2016, the IRS disallowed Plaintiff's requested tax refund on the ground it was untimely. Plaintiff's Complaint further states, "Attached is evidence that federal tax return was indeed filed timely." (Doc. #2, *PageID* #23).

Among the documents Plaintiff attached to his Complaint is a letter he sent to the IRS on June 13, 2018 in which he described his circumstances:

> My wife at the time, Jaci, and I filed for a refund of $6,887 on our 2012 Form 1040. The return was filed on April 18, 2016. The Service disallowed the refund on the ground that the filing was untimely.
>
> I respectfully submit that the Service is mistaken….
>
> Please note that we continue to request that this refund amount continue to be withheld and applied to future taxes.

*Id*. at 31 (emphasis omitted). Plaintiff also explained to the IRS his understanding that the

2

normal deadline to file a request for tax refund was three years from the due date of the tax return, or April 15, 2016, by his calculation. *Id*. Assuming, as he does, that his Form 1040 for the 2012 tax year was due on April 15, 2013, his arithmetic is correct: adding three years to April 15, 2013 is April 15, 2016.

Plaintiff also noted that the 2016 tax-return deadline fell on a legal holiday followed by a weekend and, as a result, he had until April 18, 2016 to request a refund for the 2012 tax year.

The IRS denied Plaintiff's refund request informing him, "You filed your original tax return more than 3 years after the due date. Your tax return showed on overpayment; however, we can't allow your claim for credit or refund of this overpayment because you filed your return late." *Id*. at 33. Intriguingly, the IRS's letter also states, "Date of claims received: April 25, 2016." *Id*. It appears that the IRS might have used the "Date of claims received: April 25, 2016" to determine that Plaintiff filed his refund request more than three years after it was due.

Accepting Plaintiff's allegations as true and liberally construing his *pro se* Complaint and attached documents in his favor, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), it cannot be presently concluded that he raises an indisputably meritless legal theory. Three steps lead to this conclusion. First, the IRS acknowledged in its denial letter to Plaintiff that his 2012 "return showed an overpayment…." (Doc. #2, *PageID* #33). Second, assuming Plaintiff is correct that April 15 (the usual Tax Day) in 2016 fell on a legal holiday followed by a weekend, he is correct that April 18, 2016 was his deadline for filing a tax return with a claim for refund. *See Allred v. United States*, 689 F. App'x 392, 395 (6th Cir.

3

2017) ("A taxpayer may generally file a refund claim within three years from the time she filed her original return."); *see also* IRS Special Ed. Tax Tip 2016-4 (March 17, 2016) (archived document) ("If you didn't file a 2012 return, the law generally provides a three-year window to claim a refund from that year. For 2012 returns, the window closes on April 18, 2016 ….").[1]

Third, "a claim or document delivered to the IRS is deemed to have been delivered—and hence filed—on the 'date of the United States postmark stamped on the cover of the mailing.… If a claim or other document 'is sent by registered mail,' this registration 'shall be prima facie evidence that the … claim or other document was delivered to the IRS, and 'the date of registration shall be deemed the postmark date.'" *Allred*, 689 F. App'x at 395 (quoting 26 U.S.C. § 7502(c); citing *Stocker v. United States*, 705 F.3d 225, 233 (6th Cir. 2013)). The certified mail receipt attached to Plaintiff's Complaint is dated April 18, 2016, a fact in unison with his contention that he timely submitted his 2012 tax return containing his refund requests.

Accordingly, Plaintiff's Complaint is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). This conclusion, however, expresses no opinion about the ultimate merits of Plaintiff's claims or the IRS's potential defenses. And, before skirmishing over their disagreements, the parties are encouraged to explore settlement.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The United States Clerk of Court serve a copy of the Complaint and attached documents (Doc. #2), a summons, and this Order upon the named defendants

---

[1] *available at* https://www.irs.gov/newsroom/time-running-out-to-claim-950-million-in-refunds-for-2012-tax-returns

as directed by Plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff must serve each name Defendant—or its attorney in the event the attorney's appearance is entered in the record—with a copy of every document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date and a true and correct copy of any document mailed to defendant or its attorney. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff must inform the Clerk of Court promptly of any changes of address he has during the pendency of this lawsuit. Failure to do so may result in dismissal of this case for failure to prosecute.

September 4, 2018  *s/Sharon L. Ovington*
                   Sharon L. Ovington
                   United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).